IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Michael S. Riego, | ) Case No.:  433 |
|  Petitioner, | ) CIVIL COMPLAINT |
| and | ) JURY TRIAL REQUESTED |
| Thomas Carroll, Stan Taylor, Elizabeth Burris, Perry Phelps, Carl Danberg, | ) |
|  Respondent | ) |

FILED
JUL 14 2008
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

### I. JURISDICTION & VENUE

1. This is a civil action brought by the petitioner against respondents for relief due to the fact the respondents have "deprived rights, privileges, or immunities secured by the Constitution and laws" protected under Section 1983 and are employed by the State of Delaware in the Department of Corrections. The named respondents have acted in their individual capacity personally, and under color of state law, and have been directly responsible for the operations and conditions at the Delaware Correctional Center.

2. Petitioner has already sought relief using the Grievance process within the Delaware Correctional Center.

### II. PETITIONER

3. Petitioner, Michael S. Riego, is currently incarcerated in the state of Delaware in the custody of the Delaware Department of Corrections. He is currently confined at the Delaware Correctional Center in housing unit T-1 bunk 36, 1181 Paddock Road, Smyrna DE 19977.

### III. RESPONDENTS

4. Respondent, Thomas Carroll, was the Warden of Delaware Correctional Center. He was legally responsible for the operation of DCC and for the welfare of all the inmates of that prison.

5. Respondent, Stan Taylor, was the Commissioner of Corrections for Delaware. He was legally responsible for the operation of all Delaware correctional facilities.

6. Respondent, Elizabeth Burris, was the acting Warden of Delaware Correctional Center. She was legally responsible for the operation of DCC and for the welfare of all the inmates of that prison.

7. Respondent, Perry Phelps, is the current Warden of Delaware Correctional Center. He is legally responsible for the operation of DCC and for the welfare of all the inmates of that prison.

8. Respondent, Carl Danberg, is the current Commissioner of Corrections for Delaware. He is legally responsible for the operation of all Delaware correctional facilities.

### IV.   FACTS

9. This complaint is directly related to the housing conditions at the Delaware Correctional Center, specifically those conditions in housing unit T-1, where the petitioner has been housed since approximately April 15, 2006. Housing unit T-1 and T-2 are free standing buildings originally constructed for prison trade training but later converted for inmate housing due to housing shortage and prison overcrowding. Since these buildings were not originally designed to house inmates, several deficiencies are present and cause cruel and unusual punishment in direct violation of the Eighth Amendment of the Constitution. These buildings have been condemned as unfit for housing in the past and the Department of Corrections had reopened these housing units on or about April 15, 2006 and re-populated each building at that time, without correcting the problems that are on-going.

10. Fire Suppression-   Neither T-1 nor T-2 have fire suppression systems (sprinklers) while all other housing units have them. This deprives inmates of safe housing.

11. Lighting-   Both buildings are "dorm style" housing containing 50 single bunk beds with no full interior walls (cells) or doors. The lighting is controlled by the officer on duty and the fluorescent lighting remains "on" twenty four hours per day. In addition over 19 large double hung windows are

evenly dispersed throughout the building allowing ample natural light and "spillover" in the evening hours of outdoor security lighting into the housing area. This constant and bright lighting prevents inmates from getting the proper amount of sleep depriving inmates of a basic human need and causing serious physical injury, emotional distress and mental injury. This is an example of deliberate indifference by the institution to provide adequate shelter to inmates in these two buildings as this lighting is only used in these two housing units at the facility. Attempts to file a grievance on this issue were returned as "ungrievable" due to the interpretation by the institution that the lighting is a "security issue". A petition was sent to Thomas Carroll on or about November 22, 2006 who was the Warden at that time, contesting the constant illumination conditions and was signed by residents of T-1 and T-2.

12. Temperature- All inmates at the Delaware Correctional Center have had to endure the lack of heat and hot water every Tuesday beginning on or about October 2006 until the filing of this lawsuit. It is especially damaging during the winter months as the temperature regularly drops below freezing and there are no auxiliary heating systems in place in most buildings. The interior temperature of T-1 frequently drops below 60 degrees during this weekly heat disruption depending on the outside temperature. In addition, housing units T-1 and T-2 are on a separate branch for heat and hot water that is designed improperly and frequently breaks causing extended periods of no heat or hot water. During March of 2007 there was a period of over seven days where the system was inoperable causing the residents to be moved to temporary housing after the determination was made that it would be an additional 5 days until heat could be restored. The heating and hot water pipes consistently break and no permanent solutions are planned. In addition, no auxiliary heat sources have been installed even though the T-3 trade building has electric heaters installed so they can continue to operate during these outages. It is apparent that the operation of Prison Industries is more important to the administration than the care of inmates.

13. Air Quality- Due to the age and design of buildings T-1 and T-2, the hot water and steam pipes are insulated with an asbestos containing product. The insulation is not sealed in many places allowing for

constant air contamination. The buildings also lack sufficient ventilation causing the growth of "black mold" and other harmful contaminants in certain areas of the building further contaminating the air.

14. Violation of Limited expectation of Privacy- The bathroom facilities of unit T-1 and T-2 were never designed for inmate housing and converted improperly. The completely open floor plan allows for correctional officers to have plain and unobstructed view of inmates using the urinals, toilets and sinks. There are no "stalls" to allow for limited privacy and the office where correctional officers are posted have a large window directly into the bathroom. Often female correctional officers and female Lieutenants visit the building during their normal course of duty. This is a violation of Fourth Amendment rights protecting "unreasonable search and seizure" and a violation of common decency and the right to limited privacy when it comes to exposure to nudity, especially in the presence of members of opposite sex.

## V. EXHAUSTION OF LEGAL REMEDIES

15. Plaintiff Michael S. Riego, used the prisoner grievance procedure available at the Delaware Correctional Center to try and solve many of these problems to no avail.

## VI. LEGAL CLAIMS

16. Plaintiff re-alleges and incorporates by reference paragraphs 1-15.

17. The lighting situation, lack of fire suppression, temperature issues, air quality issues and the violation of limited privacy issues violated Michael Riego's rights and constituted cruel and unusual punishment, a due process violation under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

18. The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which plaintiff seeks.

## VII. PRAYER FOR RELIEF

19. **WHEREFORE,** plaintiff respectfully prays that this court enter a judgment granting plaintiff:

20. A declaration that the acts and omissions described herein violated plaintiff's rights under the Constitution and laws of the United States.

21. A preliminary and permanent injunction ordering defendants Warden Phelps and Commissioner Carl Danberg to correct the constant lighting situation and the deficiencies in housing unit T-1 listed in this complaint or to cease using the building for inmate housing and to repair the steam, heat and hot water systems at the Delaware Correctional Center permanently.

22. Award the plaintiff unspecified compensatory damages.

23. Award the plaintiff unspecified punitive damages.

24. A jury trial on all issues triable by jury.

25. Plaintiff's costs in this suit.

26. Any additional relief this court deems just, proper, and equitable, such as notifying other inmates that have endured these conditions and are eligible for relief.

**VERIFICATION**

**I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.**

**Executed at Smyrna, Delaware.**

Dated: 7/09/08

*Michael S. Riego*
Michael S. Riego, #350529 Pro Se
Delaware Correctional Center
1181 Paddock Road
Smyrna, DE 19977

I/M Michael Rien
SBI# [illegible]   UNIT 22
DELAWARE CORRECTIONAL CENTER
1181 PADDOCK ROAD
SMYRNA, DELAWARE 19977

Clerk- U.S. District Court
Lockbox 18
844 N. King Street
Wilmington, DE 19801