IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL S. RIEGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-433-SLR |
| | ) |
| THOMAS CARROLL, STAN TAYLOR, | ) |
| ELIZABETH BURRIS, PERRY | ) |
| PHELPS, and CARL DANBERG, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 19th day of November, 2008, having screened the case pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915 and § 1915A and plaintiff is given leave to file an amended complaint, for the reasons that follow:

1. **Background.** Plaintiff Michael S. Riego ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC), formerly known as the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is

required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

    5. **Discussion**. Plaintiff alleges that the housing conditions at the VCC, Units T-1 and T-2, violate his constitutional rights. More particularly, he alleges that the buildings were condemned as unfit for housing but were reopened for housing on or about April 15, 2006, without correcting the problems; there are no sprinklers in the buildings; constant lighting[1] causes sleep deprivation; every Tuesday there is a lack of heat and hot water, and for a seven day period inmates were moved from the building

---

[1] Plaintiff alleges that "dorm style" lighting is controlled by corrections officers and remains on twenty-four hours per day and that large double hung windows throughout the buildings allow natural light and outdoor security lights to "spillover" into the building. (D.I. 2, ¶ 11.)

due to heat and hot water problems; the asbestos insulation is not sealed in many places and there is insufficient ventilation in the buildings; and the design of the bathrooms does not afford inmate privacy. (D.I. 2, ¶¶ 10-14.) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages.

6. **Respondeat Superior**. It appears that plaintiff seeks to hold defendants liable on the basis of their supervisory positions since, short of naming defendants, the complaint makes no allegations suggesting their personal involvement in the alleged wrongs. As is well known, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

7. There is nothing in the complaint to indicate that defendants were the "driving force [behind]" the foregoing list of alleged violations. Moreover, the complaint does not indicate that these defendants were aware of plaintiff's allegations and remained "deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. For this reason alone, the complaint will be dismissed. However, since it appears plausible that plaintiff might be able to articulate a claim against some or all of these defendants (or name alternative defendants), the plaintiff will be given an opportunity to amend his

4

pleading.  *See O'Dell v. United States Gov't*, 256 Fed. Appx. 444 (3d Cir. 2007) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

8. **Conclusion**.  Based upon the foregoing analysis, the complaint is **dismissed** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).  Plaintiff is given leave to amend the complaint.  The amended complaint shall be filed within **thirty (30) days** from the date of this order.  If an amended complaint is not filed within the time allowed, then the case will be closed.

_____
UNITED STATES DISTRICT JUDGE