IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL S. RIEGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-433-SLR |
| | ) |
| THOMAS CARROLL, STAN TAYLOR, | ) |
| ELIZABETH BURRIS, PERRY | ) |
| PHELPS, and CARL DANBERG, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of January, 2009, having screened the amended complaint pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that defendants Stan Taylor and Elizabeth Burris are dismissed as defendants pursuant to 28 U.S.C. § 1915 and § 1915A and that plaintiff will be allowed to proceed against the remaining defendants, for the reasons that follow:

1. **Background.** Plaintiff Michael S. Riego ("plaintiff"), an inmate at the James T. Vaughn Correctional Center ("VCC"), formerly known as the Delaware Correctional Center ("DCC"), filed this civil rights action pursuant to 42 U.S.C. § 1983. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. When a prisoner seeks redress from a government defendant in a civil action, 28 U.S.C. § 1915A provides for screening of the complaint by the court. Both 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) provide that the court may dismiss a complaint, at any time, if the action is

frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

3. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B) and § 1915A is identical to the legal standard used when ruling on 12(b)(6) motions. *Courteau v. United States*, 287 Fed. Appx. 159, 162 (3d Cir. 2008); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000); *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiff is

required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only 'fair notice,' but also the 'grounds' on which the claim rests." *Id.* (citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 127 S.Ct. at 2200 (citations omitted).

    5. **Discussion**. Plaintiff voluntarily dismisses Elizabeth Burris as a defendant and names John Doe as a new defendant. He alleges that the housing conditions at the VCC, Units T-1 and T-2, violate his constitutional rights. More particularly, plaintiff alleges that the buildings were condemned as unfit for housing but were reopened for housing on or about April 15, 2006, without correcting the problems; there are no sprinklers in the buildings; constant lighting[1] causes sleep deprivation; every Tuesday

---

    [1]Plaintiff alleges that "dorm style" lighting is controlled by corrections officers and remains on twenty-four hours per day and that large double hung windows throughout the buildings allow natural light and outdoor security lights to "spillover" into the building. (D.I. 11, ¶ 11.)

3

there is a lack of heat and hot water, and for a seven day period inmates were moved from the building due to heat and hot water problems; the asbestos insulation is not sealed in many places and there is insufficient ventilation in the buildings; and the design of the bathrooms does not afford inmate privacy. (D.I. 11, ¶¶ 10-14.) Plaintiff seeks declaratory and injunctive relief as well as compensatory and punitive damages. At the time plaintiff initiated this lawsuit he was housed in unit T-1. He has since been moved to a different housing unit. (*Id.* at ¶ VII.21.)

6. **Respondeat Superior**. It appears that plaintiff seeks to hold defendant Stan Taylor ("Taylor") liable on the basis of his supervisory position. He alleges that during the closure and reopening of the housing units, Taylor was the Commissioner of the Delaware Department of Correction and legally responsible for the operation of all Delaware correctional facilities. As is well known, supervisory liability cannot be imposed under § 1983 on a respondeat superior theory. *See Monell v. Department of Social Services of City of New York*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989) (citing *City of Canton v. Harris*, 489 U.S. 378, 389 (1989)).

7. There is nothing in the complaint to indicate that Taylor were the "driving force [behind]" plaintiff's alleged constitutional violations. Moreover, the amended complaint does not indicate that Taylor was aware of plaintiff's allegations and remained

"deliberately indifferent" to his plight. *Sample v. Diecks*, 885 F.2d at 1118. Therefore, the claims against him are dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

8. **Conclusion**. For the above reasons, the claims against Stan Taylor and are dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Elizabeth Burris is voluntarily dismissed as a defendant pursuant to Fed. R. Civ. P. 41(a). John Doe is added as a new defendant. Plaintiff will be allowed to proceed against defendants Thomas Carroll, Perry Phelps, Carl Danberg, and John Doe.

IT IS FURTHER ORDERED that:

1. The Clerk of the Court shall cause a copy of this order to be mailed to plaintiff.

2. The amended complaint names a John Doe defendant. When plaintiff learns the identity of John Doe, he shall immediately move the court for an order directing amendment of the caption and service of the complaint on him.

3. Pursuant to Fed. R. Civ. P. 4(c)(3) and (d)(1), plaintiff shall complete and return to the Clerk of the Court an **original** "U.S. Marshal-285" form for **remaining defendants Thomas Carroll, Perry Phelps, Carl Danberg**, as well as for the Chief Deputy Attorney General of the State of Delaware, 820 N. FRENCH STREET, WILMINGTON, DELAWARE, 19801, pursuant to 10 Del. C. § 3103(c). Plaintiff shall provide the Court with copies of the amended complaint (D.I. 11) for service upon the remaining defendants. Plaintiff is notified that the United States Marshal will not serve the amended complaint until all "U.S. Marshal 285" forms have been received by the

5

Clerk of the Court.  **Failure to provide the "U.S. Marshal 285" forms for each remaining defendant and the chief deputy attorney general within 120 days of this order may result in the amended complaint being dismissed or defendants being dismissed pursuant to Federal Rule of Civil Procedure 4(m).**

4. Upon receipt of the form(s) required by paragraph 3 above, the United States Marshal shall forthwith serve a copy of the complaint, this order, a "Notice of Lawsuit" form, the filing fee order(s), and a "Return of Waiver" form upon each of the defendants so identified in each 285 form.

5. Within **thirty (30) days** from the date that the "Notice of Lawsuit" and "Return of Waiver" forms are sent, if an executed "Waiver of Service of Summons" form has not been received from a defendant, the United States Marshal shall personally serve said defendant(s) and said defendant(s) shall be required to bear the cost related to such service, unless good cause is shown for failure to sign and return the waiver pursuant to Fed. R. Civ. P. 4(d)(1) and (2).

6. Pursuant to Fed. R. Civ. P. 4(d)(3), a defendant who, before being served with process timely returns a waiver as requested, is required to answer or otherwise respond to the complaint within **sixty (60) days** from the date upon which the complaint, this order, the "Notice of Lawsuit" form, and the "Return of Waiver" form are sent. If a defendant responds by way of a motion, said motion shall be accompanied by a brief or a memorandum of points and authorities and any supporting affidavits.

7. No communication, including pleadings, briefs, statement of position, etc., will be considered by the court in this civil action unless the documents reflect proof of

6

service upon the parties or their counsel.

8. **NOTE:** *** When an amended complaint is filed prior to service, the Court will **VACATE** all previous Service Orders entered, and service **will not take place**. An amended complaint filed prior to service shall be subject to re-screening pursuant to 28 U.S.C. §1915(e)(2) and § 1915A(a). ***

9. **Note:** *** Discovery motions and motions for appointment of counsel filed prior to service will be dismissed without prejudice, with leave to refile following service. ***

_____
UNITED STATES DISTRICT JUDGE