IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL S. RIEGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 08-433-SLR |
| | ) |
| THOMAS CARROLL, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM ORDER**

At Wilmington this 23rd day of October, 2009, having considered plaintiff Michael S. Riego's ("plaintiff") pending motions (D.I. 20, 23, 31);

IT IS ORDERED that:

1. **Introduction**. Plaintiff, an inmate at the James T. Vaughn Correctional Center ("VCC), Smyrna, Delaware, who appears pro se, filed a motion on September 22, 2009, seeking injunctive relief to allow expedited discovery and/or to preserve evidence. (D.I. 23) The court construes the motion as seeking an order to preserve discovery. He also requests counsel. (D.I. 20, 31)

2. **Background**. Plaintiff filed a conditions of confinement claim alleging the housing conditions at the VCC, Units T-1 and T-2, violated his constitutional rights. More particularly, plaintiff alleges that the buildings were condemned as unfit for housing but, without correcting the problems, were reopened for housing on or about April 15, 2006; there are no sprinklers in the buildings; constant lighting causes sleep deprivation; every Tuesday there is a lack of heat and hot water, and for a seven-day period inmates were moved from the building due to heat and hot water problems; the

asbestos insulation is not sealed in many places and there is insufficient ventilation in the buildings; and the design of the bathrooms does not afford inmate privacy. (D.I. 11, ¶¶ 10-14.)

3. Plaintiff advises the court that inmates have been moved from Units T-1 and T-2, and renovations have begun. He seeks an opportunity to document the current conditions of the housing units, via inspections. Plaintiff contends that he will be unable to prove his case if the renovations are completed before he has an opportunity to conduct discovery.

4. Plaintiff filed his motion to preserve discovery on September 22, 2009, and on September 29, 2009, the court set a briefing schedule. (D.I. 26) On October 2, 2009, counsel for defendants toured the T-1 building and took photographs. (D.I. 29, 30 Coleman declaration) Counsel for defendants and a Delaware Department of Justice ("DOJ") law clerk met with plaintiff following the tour. At the time, plaintiff raised additional issues such as obtaining insulation samples from the pipes and photographs of exterior doors and areas that contained mold. (*Id.* at ¶ 5) Additional photographs were taken of the exterior doors and areas where plaintiff indicated there was mold. (*Id.* at ¶ 7) The law clerk also obtained a sample of the pipe insulation. (*Id.* at ¶ 6) Defendants opine that the need for a temporary restraining order no longer exists. (D.I. 29)

5. Plaintiff indicates that he was not allowed to participate in the inspection to point out the areas he believes need documentation. Also, he complains that he was only allowed "a minute or two" to review the images. At that time, plaintiff explained to defense counsel why the photographs taken were insufficient and what other

photographs he needed. Plaintiff contends that defense counsel did not address the asbestos contamination or mold issues. He further contends that there was: (1) no documentation of the lighting levels during day and night hours; (2) no measurement of excessive sound levels generated by the heating system/air handler; (3) no photographs taken of the fire suppression (sprinkler) system; and (4) only one of three doors, padlocked on the outside, was photographed.

6. **Standard**. A party who has reason to anticipate litigation has an affirmative duty to preserve evidence which might be relevant to the issues in the lawsuit. *Micron Tech. Inc. v. Rambus Inc.*, 255 F.R.D. 135, 148 (D. Del. 2009); *In re Wechsler*, 121 F. Supp. 2d 404, 415 (D. Del. 2000); *Howell v. Maytag*, 168 F.R.D. 502, 505 (M.D. Pa.1996); *accord Shamis v. Ambassador Factors Corp.*, 34 F. Supp. 2d 879, 888-89 (S.D.N.Y. 1999) (asking whether the party "knew or should have known that the destroyed evidence was relevant to pending, imminent, or reasonably foreseeable litigation"). "The court should neither lightly exercise its inherent power to protect evidence nor indulge in an exercise in futility." *Pueblo of Laguna v. United States*, Fed. Cl. 133, 137 (Fed. Cl. 2004). When evaluating whether to issue an order for preservation of discovery materials courts consider the following factors: (1) concern for maintenance of integrity of evidence in absence of an order; (2) irreparable harm to the party seeking preservation in absence of an order; and (3) capability of the party to maintain the evidence. *See Capricorn Power Co., Inc. v. Siemans Westinghouse Power Corp.*, 220 F.R.D. 429, 433-34 (W.D. Pa. 2004); *see also LaSala v. Marfin Popular Bank Pub. Co., Ltd.*, Civ. No. 09-968(JAP), 2009 WL 2449902, at *1 (D.N.J.

Aug. 7, 2009); *Treppel v. Biovail Corp.*, 233 F.R.D. 363, 371 (S.D.N.Y. 2006). The burden of establishing the risk of destruction is "often met by demonstrating that the opposing party has lost or destroyed evidence in the past or has inadequate retention procedures in place." *See Treppel*, 233 F.R.D. at 371 (citations omitted).

7. **Discussion**. Here, there is cause for concern of the preservation of discovery since renovations are on-going. Defendants, however, have taken affirmative steps to preserve discovery, and have addressed many of the issues raised by plaintiff. Plaintiff complains that defense counsel did not address the asbestos contamination or mold issues. Yet, according to the declaration submitted by defendants, an insulation sample was obtained and photographs were taken of the moldy areas as described by plaintiff. Plaintiff also complains that there were no measurements of excessive sound levels generated by the heating system/air handler. Plaintiff, however, did not raise an excessive noise issue in his amended complaint. Plaintiff complains that photographs were not taken of the fire suppression (sprinkler) system, but the amended complaint alleges there were no sprinkler systems. Hence, there is nothing to photograph. He also complains that the lighting levels during day and night hours were not documented. Inasmuch as renovations are on-going, it may be that the lighting conditions are not as they were when plaintiff filed this lawsuit. Accordingly, plaintiff will have to obtain discovery on this issue by other means, such as through interrogatories, affidavit, or perhaps testimony, should the case go to trial. Finally, plaintiff complains that only one of the three doors, with an outside padlock, was photographed. The court finds that one photograph sufficient. Again, if plaintiff believes he needs additional evidence on the padlocked door issue, he has other available means of discovery. Under the

circumstances, it appears that defendants have attempted to preserve relevant discovery. Therefore, the court will deny plaintiff's motion to allow expedited discovery and/or to preserve evidence. (D.I. 23)

8. **Requests for counsel**. Plaintiff requests counsel on the grounds that he is unable to afford counsel, the case contains complex issues, and his allegations, if proved, clearly establish a constitutional violation. (D.I. 20) He also requests counsel to assist him in gathering evidence to guarantee it represents the true conditions during the time he was housed in Unit T-1 before further alterations take place. (D.I. 31) It is within the court's discretion to seek representation by counsel for plaintiff, and this effort is made only "upon a showing of special circumstances indicating the likelihood of substantial prejudice to [plaintiff] resulting . . . from [plaintiff's] probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." *Smith-Bey v. Petsock*, 741 F.2d 22, 26 (3d Cir. 1984); *accord Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (representation by counsel may be appropriate under certain circumstances, after a finding that a plaintiff's claim has arguable merit in fact and law).

9. After passing this threshold inquiry, the court should consider a number of factors when assessing a request for counsel, including:

> (1) the plaintiff's ability to present his or her own case;
> (2) the difficulty of the particular legal issues; (3) the degree
> to which factual investigation will be necessary and the ability
> of the plaintiff to pursue investigation; (4) the plaintiff's capacity
> to retain counsel on his own behalf; (5) the extent to which a
> case is likely to turn on credibility determinations; and
> (6) whether the case will require testimony from expert witnesses.

*Tabron*, 6 F.3d at 155-57; *accord Parham*, 126 F.3d at 457; *Montgomery v. Pinchak*, 294 F.3d 492, 499 (3d Cir. 2002).

10. Defendants have taken steps to preserve discovery. Additionally, it is apparent from the record that plaintiff is ably representing himself. Upon consideration of the record, the court is not persuaded that the requests for counsel are warranted at this time and, therefore, the motions will be denied without prejudice. (D.I. 20, 31) There is no evidence that prejudice will result in the absence of counsel. Further requests for counsel shall be deemed denied without prejudice to renew should any of plaintiff's claims survive summary judgment.

11. **Conclusion**. For the above reasons, the motion for injunctive relief to allow expedited discovery and/or to preserve evidence is **denied**. (D.I. 23) The requests for counsel are **denied** without prejudice. (D.I. 20, 31)

_____
UNITED STATES DISTRICT JUDGE